<span style="color:red">CORRECTED</span>

# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-0831V

|  |  |
|---|---|
| PETER WEIL,<br><br>                  Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                  Respondent. | Chief Special Master Corcoran<br><br>Filed: October 20, 2023 |

*Leah VaSahnja Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.*

*Meghan Murphy, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On February 1, 2021, Peter Weil filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered from Guillain Barré syndrome caused by an influenza vaccine administered on September 26, 2019. Petition, ECF No. 1. On January 6, 2023, I issued a decision awarding damages to Petitioner, following briefing by the parties. ECF No. 30.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $43,288.32 (representing $40,985.90 for fees and $2,302.42 for costs). Petitioner's Application for Attorneys' Fees and Costs ("Motion") filed Aug. 2, 2023, ECF No. 35. In accordance with General Order No. 9, counsel for Petitioner represents that Petitioner incurred no out-of-pocket expenses. *Id.* at 1-2.

Respondent reacted to the motion on Aug. 4, 2023, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 36. Petitioner filed a reply on Aug. 7, 2023, requesting an award of fees and costs as indicated in Petitioner's motion. ECF No. 37.

I note this case required additional briefing regarding the issue of damages. *See* Status Report, filed Jan. 25, 2022, ECF No. 23 (reporting an impasse in settlement discussions); Petitioner's Brief in Support of Damages, filed Mar. 25, 2022, ECF No. 27. Petitioner's counsel expended approximately 14.5 hours drafting the brief in support of damages. ECF No. 35-1 at 7. Additionally, Petitioner expended 1.5 hours reviewing Respondent's brief, which negated the need for any responsive briefing. *Id.* I find this amount of time to be reasonable will award the attorney's fees requested. (And all time billed to the matter was also reasonably incurred.)

Furthermore, Petitioner has provided supporting documentation for all claimed costs, Attachment to Motion at 21-27. And Respondent offered no specific objection to the rates or amounts sought. I have reviewed the requested costs and find them to be reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). **I award a total of $43,288.32 (representing $40,985.90 for fees and $2,302.42 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Leah Durant.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

                                                   **s/Brian H. Corcoran**
                                                   Brian H. Corcoran
                                                   Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.